UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT GORDON PAYNE,

    Plaintiff,

v.

SYDNIE ALVIAR, et al.,

    Defendants.

_____/

Case No. 1:23-cv-524

Hon. Hala Y. Jarbou

## OPINION

Scott G. Payne, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), brings this 42 U.S.C. § 1983 action against several defendants alleging violations of his constitutional rights. Specifically, Payne contends that his medical treatment at the Muskegon Correctional Facility ("MCF") was not adequate under the Eighth Amendment. The Court's previous opinion, addressing the Reports and Recommendation ("R&R") concerning Defendants Sydnie Alviar and Kathy Sherwood, discussed the details of Payne's claims in full. (3/27/2024 Op., ECF No. 51.)

After the Court's previous opinion, which denied dispositive motions filed by Alviar and Sherwood, Defendant Arielle Jones filed a "Motion to Dismiss" that cited the legal standards and took the procedural posture of a motion for summary judgment. (ECF No. 39.) Accordingly, the magistrate judge correctly analyzed this "Motion to Dismiss" as a motion for summary judgment. (R&R, ECF No. 62.) Jones's motion for summary judgment argued two distinct grounds: 1) that Payne brought his § 1983 action without first exhausting available administrative remedies, as is required under the Prison Litigation Reform Act ("PLRA"), and 2) that Payne failed to show Jones

acted with deliberate indifference in providing medical treatment, as is required to succeed on an Eighth Amendment claim for inadequate medical treatment.

Additionally, in the wake of the Court's previous opinion that denied Alviar's motion for summary judgment, Alviar submitted interrogatories, requests for admission, and requests for production of documents and notice of subpoena seeking discovery from Payne.  (ECF No. 57.) Payne filed a motion to deny this discovery demand, arguing that discovery was already closed. (ECF No. 58.)  The magistrate judge issued an order that stayed discovery, vacated the deadline to file dispositive motions, and allowed Alviar to re-submit her untimely discovery demand once the magistrate judge entered an amended CMO with new deadlines (which would take place once the Court ruled on Jones's dispositive motion).  (7/9/2024 Order, ECF No. 60.)  Payne filed a timely objection to this order.  (Obj., ECF No. 63.)

There are two matters before the Court.  First is the magistrate judge's R&R recommending the Court deny the motion for summary judgment with respect to exhaustion and grant the motion for summary judgment with respect to the Eighth Amendment claim against Jones.  (R&R, ECF No. 62.)  For the reasons herein, the Court will adopt the R&R and reject Payne's objection to the R&R.  (Obj. to R&R, ECF No. 65.)  Second is the magistrate judge's order that re-opens discovery. (Order, ECF No. 60.)  For the reasons herein, the Court will overrule Payne's objection (ECF No. 63) to the magistrate judge's order that allows for a new CMO with amended deadlines for discovery and dispositive motions.

I.    **Adoption of the Magistrate Judge's R&R**

As noted, the Court has previously discussed the facts of the case and Payne's claims against Defendants.  (3/27/2024 Op. 2-5.)  Relevant to the matters before the Court, Payne submitted Step I, Step II, and Step III grievances related to the off-site surgeries that removed his

2

gallbladder and some gallstones, and his subsequent pain associated with the numerous gallstones that remained in his system after returning to MCF from the hospital on January 24, 2023. Payne's discharge documents from the hospital stated:

> Abdominal pain was well controlled, [patient] demonstrated ability to tolerate oral intake without nausea or vomiting, able to ambulate and essentially returned to baseline function. At this time patient is stable for discharge. Recommended outpatient follow-up with primary surgeon Dr. St. Hilaire within 1 to 2 weeks. Okay for discharge with Norco for pain control as needed.

(Medical Records, ECF No. 1-2, PageID.15.) On the morning of January 24, 2023, non-party Officer Bundy notified health service by phone that Payne was experiencing severe pain. (Verified Compl., PageID.3.) Health service employees refused to speak with him. (*Id.*) The following morning, January 25, 2023, non-party Officer Stewart notified health services by phone, on at least three occasions, that Payne was passing gallstones and in extreme pain. (*Id.*, PageID.4.) Around noon on January 25, 2023, Jones, who is a registered nurse ("RN"), spoke with Payne on the phone. (*Id.*) Payne suggested that Jones call the hospital and confirm the pain treatment plan. (*Id.*) Jones responded by yelling that Payne had not been prescribed pain medications and needed to buy Tylenol from the prison store. (*Id.*)

Later that day (January 25, 2023), Jones reviewed Payne's discharge documents and reported her findings to Alviar, a nurse practitioner ("NP"). (*Id.*) Alviar did not give any new orders related to Payne's treatment. (*Id.*) Jones, interacting with Payne over the phone, "encouraged [him] to trial [sic] Tylenol and Motrin for pain management" after explaining that "no medication [sic] were ordered" by the discharge documents or by Alviar. (Admin. Note, ECF No. 1-5.) From January 30 through February 7, Payne had additional interactions with Sherwood and Alviar. Sherwood and Alviar continued to explain to Payne that no pain medications were ordered, they would not order any pain medications, and he should buy Tylenol from the prison

3

store for pain management. (Compl., ECF No. 1, PageID.5-10.) Payne, dissatisfied with this treatment, filed an Eighth Amendment claim for inadequate medical care. Jones filed a motion for summary judgment based on 1) lack of exhaustion under the PLRA, and 2) lack of deliberate indifference as required for an Eighth Amendment inadequate medical care claim. The magistrate judge recommends denying the motion regarding the lack of exhaustion but granting the motion regarding lack of deliberate indifference, dismissing Jones as a defendant. Payne objects to the order as it pertains to the Eighth Amendment claim.

### A. R&R Review Standard

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Because Payne is proceeding pro se, this Court will construe his objections liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)).

Summary judgment is not an opportunity for the Court to resolve factual disputes. *Anderson*, 477 U.S. at 249. The Court "must shy away from weighing the evidence and instead

4

view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

### C. The Court Accepts the R&R Denying Summary Judgment Regarding Payne's Exhaustion Requirement

No objections were filed regarding the R&R's ruling on the exhaustion requirement. The magistrate judge correctly determined that Payne exhausted available administrative remedies as required by the PLRA by complying with prison grievance procedures. (R&R 5-7.) The Court adopts this R&R.

### D. The Court Accepts the R&R Granting Summary Judgment Regarding Jones's Lack of Deliberate Indifference with Supplemental Analysis Addressing Payne's Objection

Payne filed a timely objection to the R&R on the Eighth Amendment grounds. A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

The Sixth Circuit distinguishes between cases where a complaint alleges complete denial of medical care and those where it claims inadequate treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attentions and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *Ruster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014). "Neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient for the purpose of a deliberate indifference claim." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013).

5

On a deliberate indifference claim, a prisoner who has received medical attention "must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must place medical evidence into the record verifying the detrimental effect of the inadequate treatment. *Napier v. Madison Cnty.*, 2385 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that a prison official has "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Differences in judgment regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim, even if a misdiagnosis results in an inadequate course of treatment and considerable suffering. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

In his objection, Payne complains that the magistrate judge misconstrued his argument. Payne contends that his argument is not based on whether Jones should have prescribed him pain medication, but, instead, that Jones's deliberate indifference stems from an "inhumane disregard for the pain [he] was experiencing, and [Jones's] refusal to contact the correct healthcare official that could assess the situation." (Obj. 2.) Payne argues that Jones should have contacted Doctor Michael Tomaszczyk, the Chief Medical Provider at MCF. (*Id.*) Payne also argues that services provided via direct phone conversations with qualified health professionals were improper, contrary to MDOC policy, and could not provide a proper diagnosis. (*Id.*)

6

The day after Payne returned to MCF from the hospital, Jones spoke with Payne over the phone to discuss his symptoms. Jones (who is a qualified health professional) contacted Alviar (a nurse practitioner and qualified health professional) and in the professional opinion of these providers, they recommended Tylenol to address Payne's symptoms. While Payne may disagree with Jones's actions and the collective treatment plan, this does not amount to a deliberate indifference claim. Suggesting Payne take Tylenol is not treatment that is "so woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169. Additionally, claiming that his treatment was insufficient and contrary to MDOC policy because it was "over the phone" presents a similarly insufficient challenge to constitute an Eighth Amendment claim. (*See* Obj. 2.) Again, Payne may disagree with the methods Jones used to see him in a provider-patient capacity, but the choice to see a patient over the phone, and the choice to recommend Tylenol for pain management, does not indicate Jones acted with the culpable state of mind necessary for a deliberate indifference claim.

There is no evidence to support Payne's claim that Jones was deliberately indifferent to his serious medical needs. Accordingly, Jones will be granted summary judgment on Payne's Eighth Amendment claim. The Court adopts the R&R and supplements it with the additional analysis presented to address Payne's objection.

## II.     Payne's Objection to the Order Staying Deadlines

On July 12, 2023, the magistrate judge set an initial case management order ("CMO") establishing the schedule for discovery and dispositive motions. (CMO, ECF No. 10.) The CMO set a November 13, 2023 deadline for discovery and stated that dispositive motions must be filed no later than December 11, 2023.

As indicated above, the magistrate judge issued an order that stayed discovery and vacated the deadline for filing dispositive motions, noting that he would enter an amended CMO with new deadlines once Jones's dispositive motion was resolved. (*Id.*)

In his objection to the magistrate judge's order, Payne claims that the magistrate judge should not amend the CMO deadlines. Payne is asking the Court to preclude any further discovery and bar Defendants from filing additional dispositive motions in this case.

A magistrate judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a). A finding is considered "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cnty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is considered "contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Garvins v. Hofbauer*, No. 2:09-cv-48, 2012 WL 1537298, at *1 (W.D. Mich. Apr. 30, 2012).

An objection to an order that modifies "the discovery and dispositive motions deadlines . . . challenges the Magistrate Judge's management of [the] case." *Id.* Magistrate judges in this district "have been granted full authority in all matters of discovery and case management in prisoner civil rights cases." *Id.* Matters involving "[s]cheduling discovery, and other case management issues fall within the broad discretion of the magistrate judge." *Id.* "Given the magistrate judges' primary role in managing pretrial issues, this Court reviews their discovery and case management decisions with great deference." *Id.* When a party challenges "the magistrate judge's exercise of discretion in these areas, the magistrate judge's decision is reviewed for abuse of discretion." *Id.*; *see also,*

*e.g.*, *In re Dwight's Piano Co.*, No. 1:04-cv-066, 2008 WL 5428008, at *1 (S.D. Ohio Dec. 24, 2008) ("Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive motions, the court will overrule the magistrate judge's determination only if this discretion is clearly abused."); *Haworth Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) ("Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to 'do justice' or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion."). "An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary." *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).

The magistrate judge did not abuse his discretion by ordering that discovery is stayed and the deadline to file dispositive motions is vacated. The magistrate judge explained that the record and the addition of a new defendant after the original CMO deadlines were set created an additional complexity that warranted an amended CMO. The magistrate judge was exercising his discretion in managing the pretrial matters. Payne failed to show an abuse of that discretion. Payne also did not show that additional discovery or dispositive motions would prejudice his case. Affording all parties the opportunity to engage in discovery is in the best interests of fairness and justice. Accordingly, Payne's objection is overruled.

## CONCLUSION

The Court will adopt the R&R denying Jones's motion for summary judgment with respect to lack of exhaustion and granting the motion for summary judgment with respect to the Eighth Amendment claim. The Court will dismiss Jones as a defendant. The Court will overrule Payne's objection to the magistrate judge's order that stayed discovery and vacated the deadline to file dispositive motions.

Sherwood and Alviar remain defendants in this case. As indicated in the magistrate judge's order, an amended CMO with updated deadlines for discovery and dispositive motions will be forthcoming.

The Court will enter an order consistent with this Opinion.

Dated: August 23, 2024                         /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE