UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT GORDON PAYNE,

      Plaintiff,

                                    Case No. 1:23-cv-524

v.

                                    Hon. Hala Y. Jarbou

SYDNIE ALVIAR and KATHY
SHERWOOD,

      Defendants.

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART</u>

Scott Payne sued three medical providers at the Muskegon Correctional Facility for denying him pain medication while he was passing gallstones, which Payne contends violated the Eighth Amendment's stricture against cruel and unusual punishment. One of the defendants, registered nurse Arielle Jones, was dismissed (ECF No. 70); the remaining providers, nurse practitioner Sydnie Alviar and registered nurse Kathy Sherwood, then moved for summary judgment (ECF Nos. 105, 106). Before the Court are the magistrate judge's report and recommendation that Defendants' motions be granted (R&R, ECF No. 114), Payne's timely objections to the same (Objs., ECF No. 115), and Alviar's response to Payne's objections (ECF No. 116).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). For the reasons set out below, the Court finds Payne's objections to the dismissal of Sherwood persuasive. The Court will therefore adopt the R&R as to Alviar and reject it as to Sherwood.

**A.**      **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant does not bear the burden of persuasion at trial, the necessary showing can be made by "submitting affirmative evidence that negates an essential element of the nonmoving party's claim," *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (cleaned up), or by "pointing out the lack of evidence to support an essential element" of that claim, *Rockwood Auto Parts, Inc. v. Monroe County*, 155 F.4th 557, 566 (6th Cir. 2025) (cleaned up).   The nonmovant must then present "sufficient evidence from which a jury could reasonably find in its favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).  Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*.  The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

**B.**      **Registered Nurse Sherwood**

The R&R found that Sherwood had a qualified immunity from Payne's deliberate-indifference claim because Payne failed to make out a genuine dispute over whether Sherwood adequately treated his pain during her January 30, 2023, examination of him.  (R&R 7.)  Payne objects that the R&R improperly ignored the evidence he submitted of Sherwood's having refused to give him acetaminophen for his pain and her directing him to purchase the medication from the prison commissary.  (Objs. 6–8.)  The Court finds that Payne has the better of the argument.

"Qualified immunity is a personal defense that applies to government officials in their individual capacities, which shields said officials 'from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Adkins v. Morgan County*, 798 F. App'x 858, 861 (6th

Cir. 2020) (quoting *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009)).  "[A] defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established."  *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013).

A right is clearly established only if "existing precedent" places "the statutory or constitutional question beyond debate."  *Hodges v. Abram*, 138 F.4th 980, 987 (6th Cir. 2025) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).  Although a right need not be attested to by a precedent "on all fours with the plaintiff's case," *Beck v. Hamblen County*, 969 F.3d 592, 599 (6th Cir. 2020) (cleaned up), the rule of law articulating the right must be "so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (cleaned up).  This implies that the level of generality at which the rule must be formulated will vary depending on the underlying constitutional norm: a norm that sets out crisp, bright-line rules requires less particularization to place officials on notice of its applicability to their conduct compared to a norm whose dictates are imprecise and context-specific.  *See Thorpe v. Clarke*, 37 F.4th 926, 940 (4th Cir. 2022) ("[W]hile the Court has regularly insisted on highly particularized law in the Fourth Amendment context, it has not done the same with Eighth Amendment claims.").

Applying these principles to the instant case, the Court first asks whether Payne has established a genuine dispute over whether Sherwood violated his right to medical treatment, then whether that right—framed at a sufficiently particularized level of generality—was clearly established when Sherwood treated Payne in January 2023.  Because the Court answers both questions in the affirmative, Sherwood is not entitled to qualified immunity.

### 1. Constitutional Violation

The Eighth Amendment's "elementary principles" of "dignity, civilized standards, humanity, and decency" obligate the government "to provide medical care for those whom it is punishing by incarceration." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)).  Prison officials who exhibit "deliberate indifference to a prisoner's serious illness or injury" are therefore subject to liability under the Eighth Amendment.  *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (cleaned up).

"A constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).  The objective component asks if the prisoner had a sufficiently serious medical need.  *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021).  "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Est. of Abbey v. Herring*, 598 F. Supp. 3d 572, 584 (E.D. Mich. 2022) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).  Additionally, "[w]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (cleaned up).

"The subjective component, by contrast, requires a showing that the prison official possessed 'a sufficiently culpable state of mind in denying medical care.'"  *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Blackmore*, 390 F.3d at 895).  That state of mind is demonstrated by proving that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the official "also dr[e]w the inference." *Jones v. County of Kent*, 601 F. Supp. 3d 221, 243 (W.D. Mich. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Courts in this circuit typically construe

this standard in terms of recklessness.  *See Winkler v. Madison County*, 893 F.3d 877, 891 (6th Cir. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deriving subjective element of Eighth Amendment test from criminal recklessness standard).

A final consideration, one which does not neatly map onto the objective–subjective test just outlined, is between the outright denial of treatment and treatment that is grossly inadequate.  "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."  *Graham ex rel. Est. of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  By contrast, "when an inmate has received on-going treatment for his condition and claims that this treatment was inadequate," the plaintiff must show that the care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Rhinehart*, 894 F.3d at 737 (quoting *Miller*, 408 F.3d at 819).[1]  The distinction between completely

---

[1] The leading Sixth Circuit precedents appear to understand the objective component of the deliberate-indifferent test as concerned with whether "the medical *need* at issue is sufficiently serious."  *Blackmore*, 390 F.3d at 896 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702–03 (6th Cir. 2001)); *see, e.g.*, *Jones v. Muskegon County*, 625 F.3d 935, 942 (6th Cir. 2010) (objective component met by prisoner "diagnosed with colorectal cancer" who "died as the result of his illness"); *Shadrick v. Hopkins County*, 805 F.3d 724, 737 (6th Cir. 2015) (objective component "easily met" because prisoner "suffered from a variety of medical conditions demonstrating a 'sufficiently serious' medical need for treatment and care" (quoting *Farmer*, 511 U.S. at 834)); *Winkler*, 893 F.3d at 890 (objective component met by prisoner's "perforated duodenal ulcer, which ultimately caused his death"); *Berkshire v. Dahl*, 928 F.3d 520, 535 (6th Cir. 2019) (objective component met by prisoner "with depression, psychotic disorders, and relatedly, suicidal tendencies").

But more recent cases, beginning with *Rhinehart*, have construed the objective component to inquire into whether the "*deprivation* of medical care was serious enough to violate the Eighth Amendment."  894 F.3d at 373 (emphasis added).  *Rhinehart*'s formula folds the distinction between completely failing to address a medical need and treating it inadequately into the objective component.  *See Phillips*, 14 F.4th at 534 ("A serious medical need alone can satisfy this objective element if doctors effectively provide no care for it.").  This interpretation has some support in the Sixth Circuit's earlier cases; *Blackmore*, far and away the court's most cited opinion on the subject, treats the distinction between failing to treat obvious health problems and inadequate treatment as one internal to the objective component.  *See* 390 F.3d at 897–98.  In *Estate of Majors v. Gerlach*, the Sixth Circuit recognized the tension between its precedents but made no attempt to reconcile the two lines of cases.  *See* 821 F. App'x 533, 540 n.6 (6th Cir. 2020) (describing inadequate-treatment test as "a way for an inmate to establish deliberate indifference separate from the 'mixed objective and subjective standard' established in *Farmer* (quoting *Miller*, 408 F.3d at 819)).  Because the Court concludes that Payne was entirely denied medical treatment, Payne's claim satisfies the objective component on either the traditional or the *Rhinehart* approach.

failing to treat a prisoner and treating them with gross inadequacy is no verbal one: a claim premised on grossly inadequate treatment must be supported by evidence that the medical professionals fell far short of addressing the inmate's health problems and that the deficiency had a detrimental impact on their well-being, whereas a complete failure to treat—or treatment so cursory that it is indistinguishable from not treating—can be established without reference to verified medical evidence. *See Santiago v. Ringle*, 734 F.3d 585, 590–91 (6th Cir. 2013).

Payne has presented sufficient evidence that he experienced a sufficiently serious medical need. Many courts, including at least three courts of appeals, have recognized that gallstones can be a painful medical condition requiring treatment, including provisioning of analgesics for prisoners passing gallstones through their biliary tract. *Brown v. District of Columbia*, 514 F.3d 1279, 1284 (D.C. Cir. 2008) (citing *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986)); *Brown v. Darnold*, 505 F. App'x 584, 587 (7th Cir. 2013); *Kline v. Rewerts*, No. 1:24-cv-1103, 2024 WL 4891137, at *11 (W.D. Mich. Nov. 26, 2024); *Dordon v. Kosciusko Cnty. Jail*, No. 3:22-cv-518, 2022 WL 4080898, at *2 (N.D. Ind. Sep. 2, 2022); *Williams v. Luking*, No. 3:21-cv-448, 2022 WL 1692430, at *5 (S.D. Ill. May 26, 2022); *see also Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."); *Est. of Abbey*, 598 F. Supp. 3d at 588 ("[T]he Sixth Circuit has found that delayed medical treatment in the face of serious medical conditions can constitute deliberate indifference."). The physicians who removed Payne's gallbladder anticipated that the residual stones lodged in his common bile duct would pass through to his intestines (ECF No. 1-3, PageID.21). It is common knowledge that passing gallstones causes physical discomfort. The facts suffice to establish that Payne was experiencing a serious medical need when he sought treatment from Sherwood.

Payne has also presented sufficient evidence that his medical needs were left unaddressed. This case is unlike those in which a plaintiff received some medical care but disputes its adequacy. In those cases, prison medical staff typically pursue a more conservative treatment plan or provide the requisite treatment belatedly.  For instance, in *Santiago*, a plaintiff who received mobility aids and ineffective medicine while waiting for the appropriate medication to be filled did not satisfy the objective component of the deliberate-indifference test.  734 F.3d at 591.  In the instant case, Payne has established a material dispute over whether Sherwood provided him any treatment beyond diagnosis.   In  response  to  Sherwood's  declaration  that  she  did  not  give  Payne acetaminophen for his pain because he ended their office visit without requesting it and after questioning its efficacy (Sherwood Dec. ¶ 22, ECF No. 107-3; *see* Sherwood Notes, ECF No. 1-8, PageID.36–37), Payne submitted the allegations in his verified complaint and his deposition testimony that it was Sherwood who ended the encounter and that he never refused to take Tylenol (Payne Dep. 50–51, ECF No. 111-1; Compl., ECF No. 1, PageID.6).  This evidence provides an adequate basis for a jury to conclude that Sherwood completely neglected Payne's pain.

Finally, Payne has presented sufficient evidence that Sherwood perceived that he needed medical attention and that she consciously declined to provide it.  Sherwood's own evidence and her contemporaneous notes establish that she was aware that Payne was in pain and that over-the-counter analgesics could help alleviate his symptoms.  (ECF No. 107-5, PageID.814; Sherwood Notes, PageID.36.)  And although Sherwood's notes support her contention that Payne ended their visit abruptly without asking for Tylenol, Payne rebuts this evidence with his deposition testimony that Sherwood refused to give him Tylenol and instead directed him to purchase the medication from the commissary, even after Payne told Sherwood that his next commissary day would not be for another two or three weeks.  (Payne Dep. 47, 50.)  Moreover, Sherwood submitted no evidence

that Payne could have obtained acetaminophen from the commissary or through some other means. A jury would therefore be entitled to conclude that Sherwood recognized that Payne needed pain medication but that she effectively refused to provide it by directing Payne to obtain it from an unavailable source. *See Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 843 (W.D. Mich. 2012) ("[W]here the alleged shortcoming involved violations of protocol or failures of process— that is, when there was no medical judgment to speak of—the courts give less deference to the medical treatment provider." (cleaned up)); *Jackson v. Corizon Health Inc.*, 596 F. Supp. 3d 834, 839 (E.D. Mich. 2022) ("[I]f Plaintiff raises a genuine issue of material fact that the decision was not based on medical judgment, but rather on non-medical factors such as cost, the decision of whether the subjective prong has been met must be left to the factfinder."). The Court finds that Payne has demonstrated the existence of a genuine factual dispute over whether Sherwood was deliberately indifferent to his medical needs.

### 2. Clearly Established

Payne has also shown that his right to receive medical treatment for his gallstones was clearly established when he met with Sherwood in January 2023. "[A]t least since the 1976 Supreme Court[] decision in *Estelle v. Gamble*, the principle of law has been clearly established 'that deliberate indifference to serious medical needs of prisoners constitutes' a violation of the Eighth Amendment . . . ." *Nallani v. Wayne County*, 665 F. App'x 498, 512 (6th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Courts in this circuit have found this principle sufficient for putting prison medical providers on notice that they may not entirely ignore a prisoner's medical needs. *See Murray v. Dep't of Corr.*, 29 F.4th 779, 790 (6th Cir. 2022) ("Courts have frequently rejected officials' contentions that a 'legal duty need . . . be litigated and then established disease by disease or injury by injury' in the context of Eighth Amendment claims." (quoting *Est. of Clark v. Walker*, 865 F.3d 544, 552, 553 (7th Cir. 2017))); *Scott v. Becher*,

736 F. App'x 130, 134–35 (6th Cir. 2018) (holding that "no reasonable nurse would have ignored" prisoner's complaints of continuing pain after accident).  *But see Perez v. Oakland County*, 466 F.3d 416, 428–29 (6th Cir. 2006) (right to be screened for suicide risk not clearly established despite right to treatment *after* identification of suicide risk being clearly established).  Because the evidence—when construed in the light most favorable to Payne—permits the conclusion that Sherwood left Payne's pain untreated by not providing him acetaminophen or another over-the-counter analgesic, Sherwood is not entitled to qualified immunity.  The R&R's proposed dismissal of the claim against Sherwood is rejected.

C.  **Nurse Practitioner Alviar**

In contrast to Payne's claim against RN Sherwood, his claim against NP Alviar cannot survive summary judgment.  Payne objects that the magistrate judge erred in recommending dismissal of the claim against Alviar as well because Alviar, as Payne's medical provider, was primarily responsible for ensuring he received adequate care.  But a medical provider's liability is premised on their own subjective awareness of the prisoner's objective medical needs.  Payne submits no evidence from which a jury could infer that Alviar knew that Payne could not obtain over-the-counter pain medicine right away.  Nothing in the record indicates that Alviar learned from RN Jones, the previously dismissed defendant, that Payne was without access to Tylenol when Jones relayed her phone conversation with Payne on January 25, 2023, to Alviar.  (*See* Objs. 10.)  Nor does Payne contend that Alviar became aware of his lack of access from Sherwood after the January 30 visit.  Finally, Payne's own account of his encounter with Alviar on February 7—during which, according to Payne's own testimony, Alviar was apologetic about the apparent misunderstanding of the nurses who spoke with Payne about the cause of his pain—includes no reference to Payne's informing Alviar that it would take him weeks to receive an over-the-counter analgesic from the commissary.  (Payne Dep. 61–63, ECF No. 109-1.)  Payne does not state that

he asked Alviar to hand him some of the pills that he testified were within arm's reach of Alviar during their encounter.  (*Id.* at 62.)  Without some reason for concluding that Alviar was aware of Payne's alleged predicament, the Court cannot find that she was *deliberately* indifferent to Payne's medical needs.  The Court therefore adopts, for different reasons, the magistrate judge's recommendation that the claim against Alviar be dismissed.

### D.    Conclusion

For the reasons set out above, the Court concludes that Scott Payne has overcome RN Sherwood's qualified-immunity defense.  The R&R is therefore rejected to the extent it proposes granting Sherwood summary judgment.  By contrast, the Court agrees with the recommended disposition with respect to Payne's claim against NP Alviar, albeit on grounds other than those set out in the R&R.

**IT IS ORDERED** that the R&R (ECF No. 114) is **ADOPTED** in part and **REJECTED** in part.

**IT IS FURTHER ORDERED** that Payne's objections to the R&R (ECF No. 115) are **SUSTAINED** in part and **OVERRULED** in part.

**IT IS FURTHER ORDERED** that RN Sherwood's motion for summary judgment (ECF No. 106) is **DENIED**.

**IT IS FURTHER ORDERED** that NP Alviar's motion for summary judgment (ECF No. 105) is **GRANTED**.

Dated: February 18, 2026                     /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE